IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. ROSS and FIELDSTONE VENTURES, LLC, on their own behalf and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>EQT CORPORATION, EQT PRODUCTION COMPANY, RICE DRILLING B, LLC, VANTAGE ENERGY APPALACHIA LLC, and VANTAGE ENERGY APPALACHIA II LLC,<br><br>   Defendants. | Civil Division  2:21-cv-1585<br><br>Electronically Filed |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants EQT Corporation, EQT Production Company, and Rice Drilling B, LLC (collectively, the removing "Defendants")[1] file this Notice of Removal, removing the above-captioned case from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, and in support state as follows:

### INTRODUCTION

1. On September 29, 2021, Plaintiffs Richard A. Ross and Fieldstone Ventures, LLC (collectively, "Plaintiffs") commenced this action in the Court of Common Pleas of Allegheny County, Pennsylvania, by filing a Class Action Complaint ("Complaint") on behalf of themselves and all others similarly situated, which has been indexed at No. GD 21-11948.  Pursuant to 28

---

[1] The Complaint also names as party-defendants Vantage Energy Appalachia, LLC and Vantage Energy Appalachia II, LLC.  **Exhibit 1**.  Both entities are no longer in existence.

U.S.C. § 1446(a), a true and correct copy of the Complaint is incorporated in this Notice and attached as **Exhibit 1**.

2.  The Complaint was served by Allegheny County Sheriff on each of the removing Defendants on October 6, 2021.  This Notice of Removal is filed within 30 days of service; it is both timely and properly filed by the removing Defendants.  *See* 28 U.S.C. §§ 1446, 1453.

3.  No other proceedings have occurred in state court and no other pleadings, process, or orders have been served on any defendant.  The removing Defendants did not file a responsive pleading in the Court of Common Pleas of Allegheny County, Pennsylvania.

## THE ALLEGATIONS IN THE COMPLAINT

4.  Plaintiff Richard A. Ross alleges that he is a Pennsylvania resident who owns an undivided interest in mineral rights underlying 362 acres of property situated in Greene County, Pennsylvania.  **Exhibit 1** at ¶ 29.  He further alleges that he owns these rights as a tenant-in-common with other cotenants, at least one of whom has entered into an oil and gas lease for the same mineral rights with the removing Defendants or a predecessor to the removing Defendants.  *Id.*  He alleges that oil and gas is being produced from the property in which he claims an interest, and that he is not receiving payment for any such production.  *Id.*

5.  Plaintiff Fieldstone Ventures, LLC alleges that it is a Pennsylvania limited liability company that owns an undivided interest in mineral rights underlying 55 acres of property situated in Greene County, Pennsylvania.  **Exhibit 1** at ¶¶ 37-38.  It further alleges that it owns these rights as a tenant-in-common with other cotenants, at least one of whom has entered into an oil and gas lease for the same mineral rights with the removing Defendants or a predecessor to the removing Defendants.  *Id.* at ¶ 38.  It alleges that oil and gas is being produced from the property in which it claims an interest, and that it is not receiving payment for any such production.  *Id.* at ¶ 42.

6.  Plaintiffs allege that defendants are "obligated to account for and compensate" Plaintiffs for their respective "ownership interest in the natural gas extracted" from the properties in which they hold undivided interests as cotenants, "including, without limitation, the payment of the fair market value and royalties of such ownership interests, but not less than the minimum royalty guaranteed by Pennsylvania law." **Exhibit 1** at ¶¶ 35, 43.

7.  Plaintiffs seek to certify a putative class identified as "[a]ll persons (natural or fictitious) who own interests or rights in real property situated in Pennsylvania as tenants-in-common with a co-tenant who entered into natural gas leases with Defendants, and whose property rights Defendants have violated by drilling for, extracting, and producing natural gas without payment, including but not limited to the minimum royalties guaranteed by Pennsylvania statute and common law." **Exhibit 1** at ¶ 44.

8.  On behalf of themselves and the putative class, Plaintiffs purport to assert five causes of action collectively against all defendants: Count I, which claims a violation of Pennsylvania's Guaranteed Minimum Royalty Act, 58 Pa. C.S. §§ 33, *et. seq.*; Count II, alleging breach of quasi-contract / contract implied at law; Count III, alleging unjust enrichment; Count IV, alleging conversion; and Count V, seeking declaratory relief. **Exhibit 1** at ¶¶ 51-78. Among the relief Plaintiffs seek on behalf of themselves and the putative class is monetary damages in the form of royalty payments for natural gas production associated with Plaintiffs and the putative class's interests that are not less than a 12.5% royalty. *Id.* at ¶¶ 55, 60, 66. Plaintiffs and the putative class also seek to recover punitive damages associated with the allegations of conversion. *Id.* at ¶ 72. They also seek attorneys' fees. *Id.* at WHEREFORE Clause, ¶ H.

## **CLASS ACTION FAIRNESS ACT**

9.  Removal of an action filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a).  This Court has original jurisdiction over the matter captioned above under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. § 1332(d)(2).

*CAFA Overview*

10.  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court … Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  "No antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating*, 135 S.Ct. at 554.  "

11.  Under CAFA, district courts have original jurisdiction over class actions raising state law claims where: "(1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the class has at least 100 members." *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014).

12.  This Court must assess CAFA jurisdiction at the time of removal. *See Castro v. Linden Bulk Transp. LLC*, Civ. A. No. 19-20442, 2020 WL 2573288, at *2 (D.N.J. Apr. 20, 2020) (citing *Coba v. Ford Motor Co.*, 932 F.3d 114, 119 (3d Cir. 2019)) ("To determine whether CAFA's subject matter jurisdictional requirements are satisfied, courts consider the allegations in the complaint at the time of removal and defendant's notice of removal."); *Crista v. Drew Univ.*, Civ. A. No. 21-249, 2021 WL 1422935, at *11 (D.N.J. Apr. 14, 2021) ("Generally, courts assess CAFA jurisdiction based on the pleadings at the time of removal.").

13. All three of CAFA's elements are satisfied here.

*CAFA's Amount in Controversy Requirement*

14. ***First***, with respect to CAFA's "amount-in-controversy" requirement, when a plaintiff alleges no specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 544 (2014). Further, "the claims of the individual class members shall be aggregated." *See* 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (holding that to determine whether the amount in controversy exceeds $5 million for CAFA jurisdiction, claims of named and unnamed putative class members who fall within the proposed class shall be aggregated). Defendants are entitled to rely upon reasonable deductions, reasonable inferences, or other reasonable extrapolations. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 776 (11th Cir. 2010)

15. One of Plaintiffs' theories of recovery is that removing Defendants are obligated to remit a minimum (of not less than) a $1/8^{th}$ or 12.5% royalty on oil and gas production attributable to the interests claimed by Plaintiffs and the putative class. **Exhibit 1** at ¶¶ 55, 60, 66.

16. While removing Defendants deny Plaintiffs' allegations and reserve all rights to contest them, based on Plaintiffs' allegations and putative class definition, *see* **Exhibit 1** at ¶ 44, and based on the removing Defendants' business records for the four-year time period prior to the filing of the Complaint, the amount of royalties reasonably associated with oil and gas production attributable to the interests claimed by Plaintiffs and the putative class, calculated at a 12.5% royalty as sought in the Complaint, exceeds five million dollars ($5,000,000.00) in the aggregate.[2]

---

[2] By removing this action to this Court, the removing Defendants do not concede that they have any liability, let alone liability of greater than $5,000,000, to the members of the alleged putative class. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The

17.   Accordingly, based solely on this theory of recovery, CAFA's "amount-in-controversy" requirement is satisfied. The Complaint also contains other allegations seeking additional alleged measures of compensatory damages. *See* **Exhibit 1** at ¶ 60.

18.   Although not necessary to meet CAFA's amount in controversy threshold, Plaintiffs also seek, on behalf of themselves and the putative class, punitive damages associated with their allegations of conversion. **Exhibit 1** at ¶ 72. Punitive damages are properly aggregated and considered in the amount in controversy assessment. *Papurello v. State Farm Fire & Cas. Co.,* 144 F. Supp. 3d 746, 753 (W.D. Pa. 2015); *Lenell v. Advanced Mining Tech., Inc.,* 2014 U.S. Dist. LEXIS 172052, at *7-8 (E.D. Pa. Dec. 10, 2014). Pennsylvania courts have endorsed a low single digit multiplier in assessing punitive damages for the amount in controversy calculation. *See Luellen v. Luellen,* 2013 U.S. Dist. LEXIS 39166, at *9 (W.D. Pa. Mar. 21, 2013). The inclusion of punitive damages would elevate the amount in controversy even further above the threshold CAFA jurisdictional requirement.

19.   Although not necessary to meet CAFA's threshold in controversy threshold, Plaintiffs also seek, on behalf of themselves and the putative class, attorneys' fees. **Exhibit 1** at WHEREFORE Clause, ¶ H. Attorneys' fees are also included in determining the amount in controversy for purposes of CAFA jurisdiction. *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019). "A median recovery range for attorney's fees is approximately 30 percent." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015). The inclusion of attorneys'

---

defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."); *see also Margulis v. Resort Rental, LLC*, No. 08-1719, 2008 U.S. Dist. LEXIS 115287, at *13 (D.N.J. June 30, 2008) (same). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

fees would elevate the amount in controversy even further above the threshold CAFA jurisdictional requirement.

*CAFA's Minimal Diversity Requirement*

20. **Second**, CAFA eliminates the "complete diversity" requirement in 28 U.S.C. § 1332(a) and instead imposes a "minimal diversity" requirement for class actions that is satisfied so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See Doyle v. Southwest Airlines, Inc.*, No. 17-11767 (JMV) (MF), 2018 WL 1128775, at *2 (D.N.J. Mar. 1, 2018) (quoting 28 U.S.C. § 1332(d)(2)(A)). CAFA's "minimal diversity" requirement therefore requires "only one member of the plaintiff class—named or unnamed—[to] be diverse from any one defendant" for diversity to be satisfied. *See Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 358, 602 (D.N.J. 2016).

21. It is alleged that Defendant EQT Corporation and Defendant EQT Production Company are Pennsylvania corporations with principal places of business in Pennsylvania. **Exhibit 1** at ¶¶ 10, 11. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also GBForefront, LP v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 41 (3d Cir. 2018). Accordingly, both of these defendants are citizens of Pennsylvania.

22. Based on Plaintiffs' putative class definition, *see* **Exhibit 1** at ¶ 44, removing Defendants' business records indicate there are numerous putative class members, well in excess of one hundred (100) individuals and natural persons, who upon information and belief reside in states other than Pennsylvania – in fact, more than twenty-five (25) different states. The citizenship of a natural person is determined by where he or she is domiciled. *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). Accordingly, and based on the business

records reasonably available to removing Defendants and upon information and belief, numerous putative class members—and in excess of one—are citizens of states other than Pennsylvania.

23. Because at least one removing Defendant is a citizen of only Pennsylvania, and at least one putative class member is a citizen of a state other than Pennsylvania based on the removing Defendants' business records, CAFA's "minimal diversity" requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

*CAFA's 100-Member Requirement*

24. **Third**, CAFA requires that "the number of members of *all proposed plaintiff classes in the aggregate*" be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B) (emphasis added); *Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 756 (W.D. Pa. 2015).

25. The Complaint alleges that the putative class defined in the Complaint "is sufficiently numerous that joinder of all members would be impracticable." **Exhibit 1** at ¶ 46.

26. Based on Plaintiffs' putative class definition, *see* **Exhibit 1** at ¶ 44, removing Defendants' business records indicate there are currently far in excess of one hundred (100) members of the putative class, which reasonably satisfies CAFA's "100-member" requirement. *See Papurello*, 144 F. Supp. 3d at 756.

## PROCEDURAL STATEMENT

27. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiffs purportedly served on the removing Defendants as of the date of the Notice is attached as **Exhibit 2**.

28. Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction, and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 84 ("A statement 'short and plain' need not

contain evidentiary submissions."); *Judon*, 773 F.3d at 500 ("[A] defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court." (internal quotation marks and citations omitted)).

29. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, the original Notice of Removal was timely filed within 30 days of service because Plaintiffs served the Complaint on the removing Defendants on October 6, 2021. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

30. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Western District of Pennsylvania is proper because it embraces the Court of Common Pleas of Allegheny County, Pennsylvania, where this action was pending before it was removed. *See* 28 U.S.C. § 118(c).

31. Pursuant to 28 U.S.C. § 1446(d), the removing Defendants will promptly file a copy of this Notice of Removal in the Court of Common Pleas of Allegheny County, Pennsylvania, and will give Plaintiffs written notice of its filing.

32. Pursuant to 28 U.S.C. § 1453(b), it is not necessary to obtain the consent of all Defendants in order to remove a putative class action.

33. By removing the action to this Court, the removing Defendants do not waive any defenses that are available to them under state or federal law. The removing Defendants expressly reserve all threshold defenses to this action and their right, for example, to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants EQT Corporation, EQT Production Company, and Rice B Drilling, LLC respectfully remove this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

REED SMITH LLP

Date: November 4, 2021

 /s/ James L. Rockney
James L. Rockney
PA I.D. No. 200026
Justin H. Werner
PA I.D. No. 203111
Lucas Liben
PA I.D. No. 309527

225 Fifth Avenue
Pittsburgh, PA 15222
Tel: (412) 288-3131
Fax: (412) 288-3063

*Counsel for Defendants EQT Corporation, EQT Production Company, and Rice Drilling B, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via First Class mail, postage prepaid on the following:

>Scott M. Hare
>Anthony T. Gestrich
>Whiteford, Taylor & Preston LLP
>200 First Avenue, Floor 3
>Pittsburgh, PA 15222
>
>Seth A. Meyer
>Alex J. Dravillas
>Keller Lenker LLC
>150 N. Riverside Plaza, Suite 4270
>Chicago, Illinois 60606

Dated: November 4, 2021                                             _/s/ James L. Rockney_