# EXHIBIT 1

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **RICHARD A. ROSS** and **FIELDSTONE VENTURES, LLC**, on their own behalf and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**EQT CORPORATION**,<br>**EQT PRODUCTION COMPANY**,<br>**RICE DRILLING B, LLC**, **VANTAGE ENERGY APPALACHIA LLC**,　and **VANTAGE ENERGY APPALACHIA II LLC**,<br><br>　　　　Defendants. | CIVIL DIVISION<br><br>No. GD 21-_11948_<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>Filed on behalf of Plaintiffs<br><br>Counsel of Record for this Party:<br><br>**Scott M. Hare, Esquire**<br>Pa. I.D. No. 63818<br>SHare@wtplaw.com<br><br>**Anthony T. Gestrich, Esquire**<br>Pa. I.D. No. 325844<br>AGestrich@wtplaw.com<br><br>**Whiteford, Taylor & Preston LLP**<br>200 First Avenue, Floor 3<br>Pittsburgh, PA 15222<br><br>Tel: 412-275-2400<br><br>*Pro Hac Vice* Motions Forthcoming:<br><br>**Seth A. Meyer, Esquire**<br>sam@kellerlenkner.com<br><br>**Alex J. Dravillas, Esquire**<br>ajd@kellerlenkner.com<br><br>**Keller Lenkner LLC**<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, Illinois 60606<br><br>Tel: 312-741-5220 |

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

**RICHARD A. ROSS** and **FIELDSTONE VENTURES, LLC**, on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

      v.

**EQT CORPORATION**,
**EQT PRODUCTION COMPANY**,
**RICE DRILLING B, LLC**, **VANTAGE ENERGY APPALACHIA LLC,** and **VANTAGE ENERGY APPALACHIA II LLC**,

      Defendants.

No. GD 21-_____

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: 412-261-5555

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

**RICHARD A. ROSS** and **FIELDSTONE VENTURES, LLC**, on their own behalf and on behalf of all others similarly situated,

        Plaintiffs,

        v.

**EQT CORPORATION**, **EQT PRODUCTION COMPANY**, **RICE DRILLING B, LLC**, **VANTAGE ENERGY APPALACHIA LLC**, and **VANTAGE ENERGY APPALACHIA II LLC**,

        Defendants.

No. GD 21-_____

### CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Richard A. Ross and Fieldstone Ventures, LLC, by their undersigned counsel, file this Class Action Complaint and Jury Demand on their own behalf and on behalf of all others similarly situated, stating as follows:

#### *Introduction - Nature of the Action*

1.    This lawsuit is brought on behalf of real property owners whose rights have been violated by the unlawful conduct of Defendants EQT Corporation, EQT Production Company, Rice Drilling B, LLC, Vantage Energy Appalachia LLC, and Vantage Energy Appalachia II LLC (hereinafter "Defendants" or "EQT") in extracting and otherwise producing natural gas from the Plaintiffs' real property without making required royalty payments.

2.    EQT is the largest producer of natural gas in the United States, with significant drilling and natural gas extraction operations throughout Pennsylvania.

3.      Prior to exploiting a natural gas deposit in Pennsylvania, EQT is obligated to enter into agreements with at least one owner of that deposit for the right to drill and extract natural gas from the owner's property.

4.      EQT is further obligated by Pennsylvania law to pay royalties to *all* owners of the natural gas it seeks to produce, regardless of whether it has secured production rights directly from those owners. For example, if a parcel is owned by several tenants-in-common and EQT contracts with only one of those co-tenants to produce the parcel's natural gas, it is nevertheless obligated to pay *all* the tenants-in-common for its capture of the parcel's natural gas deposits.

5.      EQT systematically fails to locate, account to and pay the owners it has not directly contracted with, in contravention of Pennsylvania law.

6.      EQT has extracted natural gas from real property in which Plaintiffs have an ownership interest without accounting to or paying royalties to the Plaintiffs as mandated by statute.

7.      By extracting natural gas from Plaintiffs' property without accounting for and paying the royalties guaranteed by Pennsylvania law, EQT is liable to account to Plaintiffs and to pay damages based on, *inter alia*, violations of the Pennsylvania Oil and Gas Lease Act, 58 Pa. Stat. §§ 33.1 *et seq.*, (including the Guaranteed Minimum Royalty provisions of 58 Pa. Stat. § 33.3 ("Royalty Guaranteed")), breach of quasi-contract/contract implied in law, unjust enrichment and conversion.

### *Parties*

8.      Richard A. Ross is an adult citizen, domiciliary and resident of Pennsylvania.

9.      Fieldstone Ventures, LLC is a Pennsylvania limited liability company with a registered address located in Allegheny County, Pennsylvania. The members of Fieldstone Ventures are each adult citizens, domiciliaries and residents of Pennsylvania.

10.     Defendant EQT Corporation is a Pennsylvania corporation with a registered address, principal place of business, and nerve center located in Allegheny County at 625 Liberty Avenue, Pittsburgh, PA 15222, rendering it at home in Pennsylvania.

11.     Defendant EQT Production Company is a Pennsylvania corporation with a registered address, principal place of business, and nerve center located in Allegheny County at 625 Liberty Avenue, Pittsburgh, PA 15222, rendering it at home in Pennsylvania.

12.     Defendant Rice Drilling B, LLC is a Delaware limited liability company with a registered address, principal place of business, and nerve center located in Allegheny County at 625 Liberty Avenue, Pittsburgh, PA 15222, rendering it at home in Pennsylvania.

13.     Defendant Vantage Energy Appalachia LLC is a Pennsylvania limited liability company with a registered address, principal place of business and nerve center located in Allegheny County at 625 Liberty Avenue, Pittsburgh, PA 15222, rendering it at home in Pennsylvania. Records on file with the Pennsylvania corporations bureau indicate that Vantage Energy Appalachia LLC is "inactive" and merged into Defendant Rice Drilling B, LLC as of December 31, 2019. Plaintiffs separately name Vantage Energy Appalachia LLC as a Defendant herein in an abundance of caution, in the event this entity continues to exist and/or operate any gas wells in its name.

14.     Defendant Vantage Energy Appalachia II LLC is a Delaware limited liability company with a registered address, principal place of business, and nerve center located in Allegheny County at 625 Liberty Avenue, Pittsburgh, PA 15222, rendering it at home in Pennsylvania.

## *Jurisdiction and Venue*

15.     The Court has personal jurisdiction over Defendants pursuant to 42 Pa. Cons. Stat. Ann. § 5301(a)(2) because Defendants maintain offices in and carry on a continuous and systematic part of their general business within Allegheny County.

16.     Venue is proper in this County pursuant to Pa. R. Civ. P. 2179 because Defendants regularly conduct business in Allegheny County and because events giving rise to this action occurred in Allegheny County.

## *General Allegations*

A.     Defendants' Production and Extraction of Natural Gas in Pennsylvania

17.     EQT conducts extensive exploration, drilling, and production of natural gas in Pennsylvania.

18.     To conduct natural gas production activities lawfully, a natural gas production company must obtain all necessary property rights incident to its operation, including both surface rights (which are necessary for, *inter alia*, access, construction and placement of wellbores, drilling, construction and operation of pump stations, and ingress and egress) and subsurface mineral rights to the natural gas deposits being extracted.

19.     As set forth herein, EQT conducts production activity and extracts natural gas without first obtaining rights from all property owners (including co-tenants), whether by way of a leasehold interest, sublease, or otherwise.

20.     EQT regularly fails to pay all owners compensation in exchange for the natural gas it extracts, or fails to pay sufficient compensation (whether on a royalty basis or otherwise), as required by law.

21.     EQT likewise fails to account to all property owners impacted by its production activities.

B.     Defendants' Obligations to Co-Tenants

22.     Pennsylvania recognizes ownership rights in mineral resources, including natural gas, which may be owned together with, or independent of, surface rights or other interests in real property.

23.     Pennsylvania further allows natural gas deposits to be owned in their entirety by a single owner, or jointly by tenants-in-common.

24.     Pennsylvania allows co-tenants owning less than the entire mineral estate in real property to convey leasehold rights to develop and produce natural gas owned jointly by all tenants-in-common, without requiring the consent of the remaining co-tenants. However, Pennsylvania requires a full accounting and compensation to all non-consenting co-tenants in connection with any resulting development, production and/or extraction of the natural gas owned jointly by such tenants-in-common.

25.     When a co-tenant owning less than the entire mineral estate in real property conveys leasehold rights to develop and produce natural gas owned jointly by tenants-in-common, Pennsylvania recognizes and treats the lessee as a co-tenant standing in the shoes of the co-tenant lessor. Consequently, the lessee becomes a co-tenant of the remaining non-consenting co-tenants, to whom the lessee owes a full accounting and compensation in connection with any development, production and/or extraction of the natural gas owned jointly by such co-tenants.

26.     EQT knowingly and deliberately produces natural gas from Pennsylvania real property without obtaining the consent of all co-tenants in particular parcels, and knowingly and deliberately fails to notify or account to absent co-tenants regarding their property rights. Further, and without limitation, EQT knowingly and deliberately fails to pay required royalties to absent co-tenants whose property is impacted by its production activities, and instead and withholds payment from such co-tenants.

-5-

27.     EQT engages in this conduct knowingly and deliberately, as a regular and systematic business practice in order to avoid accounting for and making required royalty payments to absent co-tenants, and thereby artificially and unlawfully enriches itself.

### ***Allegations Specific to the Named Plaintiffs***

A.     Plaintiff Richard A. Ross

28.     Plaintiff Ross is an adult citizen, domiciliary and resident of Pennsylvania who resides in Cumberland County.

29.     Plaintiff Ross is a member of the Class as defined herein, and owns, *inter alia*, co-tenancy interests in the mineral rights underlying approximately 362 acres situated in Aleppo Township, Greene County, Pennsylvania (hereinafter the "Ross Property").

30.     Plaintiff Ross owns subsurface natural gas rights to the Ross Property jointly as a tenant-in-common with co-tenants, at least one of whom has entered into a natural gas lease with EQT (or a predecessor-in-interest of EQT) to lease rights in such natural gas.

31.     Plaintiff Ross did not enter into the natural gas lease with EQT and did not consent to any lease, license, or assignment of rights to EQT with regard to the natural gas or the production and extraction of natural gas on the Ross Property.

32.     EQT has not obtained any license, consent, or other rights from Plaintiff Ross in connection with its development, production, and extraction of the natural gas from the Ross Property.

33.     EQT has not accounted to Plaintiff Ross in connection with its development, production, and extraction of the natural gas on the Ross Property.

34.     EQT has not made any payment to Plaintiff Ross in connection with its development, production, and extraction of the natural gas on the Ross Property.

35. EQT is obligated to account for and compensate Plaintiff Ross for the value of his ownership interest in the natural gas extracted by EQT on the Ross Property, including, without limitation, payment of the fair market value and royalties of such ownership interests, but not less than the minimum royalty guaranteed by Pennsylvania law.

B. Plaintiff Fieldstone Ventures, LLC

36. Plaintiff Fieldstone Ventures is a Pennsylvania limited liability company with its registered address located in Allegheny County, Pennsylvania. Ian Dupre, the Managing Member of Fieldstone Ventures, is a Licensed Real Estate Professional in the Pittsburgh, Pennsylvania area.

37. Plaintiff Fieldstone Ventures is a member of the Class as defined herein, and owns, *inter alia*, co-tenancy interests in the mineral rights underlying approximately 55 acres in Greene County (hereinafter the "Fieldstone Ventures Property").

38. Plaintiff Fieldstone Ventures owns subsurface natural gas rights in the Fieldstone Ventures Property jointly as a tenant-in-common with co-tenants, at least one of whom has entered into a natural gas lease with EQT (or a predecessor-in-interest of EQT) to lease rights in such natural gas.

39. Plaintiff Fieldstone Ventures did not enter into the natural gas lease with EQT and did not consent to any lease, license, or assignment of rights to EQT with regard to the natural gas or the production and extraction of natural gas on the Fieldstone Ventures Property.

40. EQT has not obtained any license, consent, or other rights from Plaintiff Fieldstone Ventures in connection with its development, production and extraction of the natural gas owned by Plaintiff Fieldstone Ventures.

41. EQT has not accounted to Plaintiff Fieldstone Ventures in connection with its development, production, and extraction of the natural gas on the Fieldstone Ventures Property.

42.     EQT has not made any payment to Plaintiff Fieldstone Ventures in connection with its development, production, and extraction of the natural gas on the Fieldstone Ventures Property.

43.     EQT is obligated to account for and compensate Plaintiff Fieldstone Ventures for the value of its ownership interest in the natural gas extracted by EQT on the Fieldstone Ventures Property, including, without limitation, payment of the fair market value and royalties of such ownership interests, but not less than the minimum royalty guaranteed by Pennsylvania law.

### *Class Allegations*

44.     This action is brought as a class action pursuant to Pa. R. Civ. P. 1701 *et seq.*, on behalf of: All persons (natural or fictitious) who own interests or rights in real property situated in Pennsylvania as tenants-in-common with a co-tenant who entered into natural gas leases with Defendants, and whose property rights Defendants have violated by drilling for, extracting, and producing natural gas without payment, including but not limited to the minimum royalties guaranteed by Pennsylvania statute and common law (the "Class").

45.     EQT has acted identically as to all members of the Class. As such, the material facts relevant to this action are substantially identical for all members of the Class.

46.     The Class is sufficiently numerous that joinder of all members would be impracticable.

47.     There are questions of law and fact common to all members of the Class, and such common questions will predominate in the disposition of this action. Among the common questions of law and/or fact are:

    a.     whether Defendants made a full accounting to the Class members for the natural gas extracted from their property;

b.  whether Defendants paid adequate consideration and compensation to the Class members in an amount not less than the minimum royalties guaranteed by Pennsylvania law;

c.  whether Defendants were unjustly enriched by failing to pay required royalties; and

d.  whether Plaintiffs are entitled to recover damages and other remedies as provided by law.

48.  Plaintiffs' claims are typical of the claims of the remaining Class members. Specifically, Plaintiffs Ross and Fieldstone Ventures own real property as tenants-in-common with non-plaintiff co-tenants who entered natural gas leases with EQT to which Ross and Fieldstone Ventures are not parties, and EQT has violated their property rights by extracting and producing natural gas without account and without payment, including but not limited to the minimum royalties guaranteed by Pennsylvania statute and common law.

49.  Plaintiffs will fairly and adequately assert and protect the interests of the Class as required by Pa. R. Civ. P. 1709. In particular: (1) Plaintiffs have retained counsel who are skilled in complex civil litigation who will vigorously and adequately represent the interests of the Class; (2) Plaintiffs have no conflict of interest in maintaining a Class action; and (3) Plaintiffs have adequate financial resources to assure that the interests of the Class will not be harmed.

50.  A class action will provide a fair and efficient method for adjudication of the controversy set forth herein. In particular, with respect to Plaintiffs' claims for monetary recovery: (1) common questions of law and fact will predominate over particular questions affecting only individual members; (2) management of the action as a class action will not create any special difficulties, whereas the filing of multiple individual claims would dramatically and needlessly overburden the court system; (3) the prosecution of separate actions by individual Class members would create a risk of either inconsistent adjudications or the disposition or impairment of the interests of others similarly situated; (4) Plaintiffs are unaware of any similar litigation against these Defendants raising the claims to be adjudicated in this action; (5) this

forum is appropriate and well-equipped to handle the claims of the entire Class; and (6) the amounts likely to be recovered by individual Class members are adequate to justify the expense and effort of administering the claims as a class action. Further, to the extent this Court determines that equitable relief is warranted, Defendants have acted on grounds applicable generally to the Class as a whole, making final equitable relief appropriate with respect to the Class as a whole.

### Count I – Violation of the Pennsylvania Minimum Royalty Act

51.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

52.     Plaintiffs bring this action under the Pennsylvania Minimum Royalty Act, 58 Pa. Stat. §§ 33 *et seq.*

53.     Pursuant to 58 Pa. Stat. Ann. § 33.3 (Royalty Guaranteed), owners of natural gas in Pennsylvania are entitled to be paid a minimum royalty on production not less than 1/8 (12.5%) of the value of the produced gas.

54.     As set forth above, EQT has extracted natural gas owned by Plaintiffs and the Class, but has failed to pay any royalty to Plaintiffs and the Class, which is materially less than 1/8 (12.5%) of the value of the produced gas.

55.     Plaintiffs and the Class are therefore entitled to recover money damages in the form of a royalty of not less than 1/8 (12.5%) of the value of the produced gas, plus interest, since inception of production from all associated wells.

### Count II – Breach of Quasi-Contract/Contract Implied in Law

56.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

57.     As set forth above, EQT has engaged in natural gas development, production, and extraction activities, and has extracted natural gas owned by Plaintiffs and the Class, acting as if it had a contractual right to do so, without a contract or otherwise without regard to whether

it in fact had any such right, license or permission, and without making any effort to locate or contact such owners.

58.     Without prejudice or limitation of any other claim herein, to the extent EQT acquired leasehold rights from one or more co-tenants to the Class members, and proceeded to extract natural gas under any such lease, the members of the Class are entitled to the benefits and protection of an implied contract by estoppel, and EQT is estopped from denying at least equal contract rights to the Class members as those given their co-tenants.

59.     In each instance, EQT has breached the terms of the resulting implied quasi-contract by failing to comply with its terms and, without limitation, failing to pay Plaintiffs and the Class any consideration in exchange for EQT's access to Plaintiffs' and the Class members' natural gas.

60.     In each instance, Plaintiffs and members of the Class are entitled to contract damages consistent with the parties' quasi-contract, including payment of all contractual signing bonuses, royalties, minimum royalties (in an amount not less than the minimum royalty guaranteed by Pennsylvania law), renewal fees, maintenance fees, penalties, interest and attorneys' fees since inception of production from all associated wells. Such contract damages must be at least as favorable as those provided in the leases entered into by the Plaintiffs' and Class members' respective co-tenants.

### Count III – Unjust Enrichment

61.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

62.     EQT had no right or privilege to produce gas in which Plaintiffs and Class have property rights without making corresponding payments to Plaintiffs and the Class.

63.     EQT has been unjustly enriched by its failure to pay Plaintiffs and members of the Class any royalty or other payment in consideration of the production of gas in which Plaintiffs and the Class have property rights.

64.     Plaintiffs and the Class have been damaged and suffered legal harm as a result of the unlawful and inequitable conduct of EQT, and EQT is therefore obligated to surrender to Plaintiffs and the Class the value of the produced gas to purge itself of its unjust enrichment.

### Count IV – Conversion

65.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

66.     Plaintiffs and the Class were entitled to receive the royalty payments and other sums identified herein, including but not limited to the guaranteed minimum royalty, together with an accounting of all such funds.

67.     EQT wrongfully withheld payment of such sums from Plaintiffs and Class, without any right to do so, and unlawfully retained and converted such sums to itself, without the knowledge or consent of Plaintiffs and the Class.

68.     By its unlawful conduct, EQT thereby deprived Plaintiffs and the Class from possessing and exercising control over particular funds in which they have the sole and exclusive legal right and interest.

69.     EQT knowingly and deliberately intended to deprive Plaintiffs and the Class permanently of such sums, and but for this lawsuit, would continue to do so.

70.     The sums owed to Plaintiffs and the Class are specific and readily identifiable from production records, royalty statements, reports and other documents maintained and issued by EQT.

71.     Plaintiffs and the Class have been damaged and suffered legal harm as a direct and proximate result of the foregoing unlawful conversion of funds by EQT, and are therefore

entitled to recover all such sums wrongfully converted, which sums are specific and readily identifiable.

72.    EQT acted knowingly, deliberately and willfully in ignoring Plaintiffs and the Class and withholding from them the sums identified herein. EQT intentionally sought to enrich itself at the expense of Plaintiffs and the Class, knowing that harm would result to Plaintiffs and the Class, but with the self-serving hope and intention that its conversion and other unlawful acts would go unnoticed and unremedied. As a result of this deliberate and intentional conduct, Plaintiffs and the Class are further entitled to an award of punitive damages to serve as a disincentive to cheat.

### Count V - Action for Declaratory Judgment

73.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

74.    As set forth herein, EQT has systematically and continually disregarded its accounting and payment obligations to Plaintiffs and the Class in violation of Pennsylvania law.

75.    By its conduct, EQT has put into question the parties' respective rights and obligations, making declaratory relief necessary and appropriate.

76.    In the absence of a declaration that EQT has and continues to infringe and violate the rights of Plaintiffs and the Class, and thereby cause damage to Plaintiffs and the Class as described herein, EQT will continue to infringe and violate such rights, forcing Plaintiff and the Class to pursue additional relief in the future.

77.    Plaintiffs and the Class are therefore entitled to the entry of a declaratory judgment, declaring (i) that Defendants' conduct violates Pennsylvania law, including but not limited to the Pennsylvania Minimum Royalty Act, 58 Pa. Stat. §§ 33 *et seq.*, and (ii) that Plaintiffs and the Class are entitled to receive, and Defendants are obligated to pay, royalties and other damages as described above.

78.     The declaratory relief requested herein will resolve any controversy between the parties regarding their rights and obligations in an expeditious and efficient fashion.

### **Prayer for Relief**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all members of the Plaintiff Class, respectfully request this Honorable Court to enter judgment in their favor and against Defendants EQT Corporation and EQT Production Company, jointly and severally, and to award the following relief:

A.      Certify this case as a class action on behalf of the proposed Class, designate the named Plaintiffs as Class representatives, appoint the undersigned counsel as lead counsel for the Class, and direct the Defendants to bear the costs of class notice;

B.      Award each Class member damages in an amount to be determined at trial, plus interest thereon;

C.      Declare a trust in favor of Plaintiffs and the Class (at Defendants' sole cost and expense) and award damages to be paid into trust in an amount to be determined at trial, plus interest thereon;

D.      Compel Defendants to account fully and in writing for all natural gas extracted from property in which Plaintiffs and the Class have an ownership interest, and compel Defendants to disgorge and pay over to Plaintiffs and the Class actual damages in an amount to be determined at trial, plus interest thereon;

E.      Declare that Defendants' conduct violates Pennsylvania law, including but not limited to the Pennsylvania Minimum Royalty Act, 58 Pa. Stat. §§ 33 *et seq.*, and that Plaintiffs and the Class are entitled to receive, and Defendants are obligated to pay, royalties and other damages as described above;

F.      Under Count IV, award punitive damages in an amount to be determined at trial, plus interest thereon, to deter Defendants and others like them from knowingly and intentionally infringing the property rights of Plaintiffs and the Class and other Pennsylvania property owners;

G.      Permanently enjoin Defendants from continuing to violate Pennsylvania law as described herein;

H.      Award Plaintiffs the costs incurred in prosecuting this lawsuit, including reasonable attorneys' fees, plus interest; and

-14-

I.    Award all other relief, both legal and equitable, as this Court deems necessary, just and proper.

### ~PLAINTIFFS DEMAND TRIAL BY JURY~

Respectfully submitted,

Scott M. Hare, Esquire
Pa. I.D. No. 63818

Anthony T. Gestrich, Esquire
Pa. I.D. No. 325844

Whiteford, Taylor & Preston LLP
200 First Avenue, Floor 3
Pittsburgh, PA 15222

Tel: 412-275-2400

Seth A. Meyer, Esquire
Alex J. Dravillas, Esquire

Keller Lenkner LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606

Tel: 312-741-5220

Counsel for Plaintiffs

Date:   September 29, 2021

## **VERIFICATION**

I, RICHARD A. ROSS, verify that the statements made in the foregoing Class Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties set forth in 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

DATE:   *9-17-21*

*Richard a. Ross*
RICHARD A. ROSS

## **VERIFICATION**

I, IAN DUPRE, am the Managing Member of Plaintiff Fieldstone Ventures, LLC and I am authorized to make this verification on its behalf. I verify that the statements made in the foregoing Class Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties set forth in 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

DATE:     9/28/2021          *Ian Dupre*
                             IAN DUPRE